IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| KRISTHIAN GUERRA-MIRANDA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-26-CV-28-KC |
| § | |
| PAM BONDI et al., § | |
| § | |
| Respondents. § | |

## ORDER

On this day, the Court considered Kristhian Guerra-Miranda's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1. Guerra-Miranda is detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 1–12, 42–75.

Guerra-Miranda entered the United States in 2023, and upon entry, Immigration and Customs Enforcement ("ICE") detained him and initiated removal proceedings. *Id.* ¶¶ 33–35. ICE then released him and placed an ankle monitor on him. *Id.* ¶¶ 36, 38–39. ICE detained Guerra-Miranda again on June 6, 2025. *Id.* ¶ 39. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Guerra-Miranda's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Guerra-Miranda's case warrant a different outcome." *Id.* at 1–2.

Respondents argue there is a material difference between *Lopez-Arevelo* and this case. Resp. 1–2. Namely, that Guerra-Miranda was first placed in expedited removal proceedings

upon entry into the United States. *Id.* Therefore, they argue, he is subject to mandatory detention while his asylum application remains pending, under a different Board of Immigration Appeals' ("BIA") decision than the one that they argued was controlling in *Lopez-Arevelo*. *Id.*

For due process purposes, this is a distinction without a difference. The crux of *Lopez-Arevelo,* and subsequent decisions by this Court, is that the petitioners were re-detained without any individualized custody determination after previously being released into the United States. *See, e.g., Lopez Arevelo*, 2025 WL 2691828, at *1–13. The Court assumed without deciding that the BIA was correct in its statutory analysis but held that due process requires a meaningful hearing before the Government can re-detain someone that they previously released. *Id.* at * 7–11. Here, too, the Government released Guerra-Miranda and permitted him to spend two years in the United States. They may not, therefore, revoke that liberty without an individualized determination of the need to do so. *See id.*

As for the rest of Respondents' arguments, the Court has already rejected them. *Compare* Resp. 1–7, *with, e.g.*, *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under

---

[1] The relevant facts are undisputed, *see* Resp. 2, and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

2

the Government's new interpretation of 8 U.S.C. § 1225(b), Guerra-Miranda's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, **on or before January 28, 2026**, Respondents shall either: (1) provide Guerra-Miranda with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Guerra-Miranda's continued detention; or (2) release Guerra-Miranda from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before January 28, 2026**, Respondents shall **FILE** notice informing the Court whether Guerra-Miranda has been released from custody. If Guerra-Miranda has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**There will be no extensions of the January 28, 2026, deadlines.**

**SO ORDERED**.

**SIGNED** this 21st day of January, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE